Filed 3/3/21  P. v. Rodriguez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305365 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA405944) |
| v. | |
| JOE RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  David R. Fields, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Joe Rodriguez was convicted of one count of first degree murder and two counts of premeditated attempted murder arising from his participation in a 2012 gang-related shooting. In 2016, we affirmed defendant's conviction with a modification of sentence not relevant to the present appeal. (*People v. Rodriguez* (Oct. 20, 2016, B265581) [nonpub. opn.].)

After the passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill No. 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Defendant, acting in propria persona, filed a form petition in which he checked the boxes stating he had been convicted of first or second degree murder under the felony murder rule or the natural and probable consequences doctrine and that he could no longer be so convicted in light of the changes made to sections 188 and 189 by Senate Bill No. 1437. Defendant also requested the appointment of counsel. Defendant's petition did not seek relief with respect to his convictions for attempted murder.

At a hearing in February 2020, the trial court summarily denied defendant's petition without appointing counsel. Relying on our prior opinion affirming defendant's conviction, the trial court found defendant was not eligible for resentencing and could not make out a prima facie case because he had been convicted as a direct aider and abettor and not under a natural and probable consequences theory.

Defendant appealed. He contends the trial court erred in summarily denying his resentencing petition without first

appointing him counsel and allowing an evidentiary hearing. Defendant argues the court's summary denial is at odds with the statutory language and the legislative history and violates his rights to due process and to counsel under both the state and federal Constitutions.

We disagree. Penal Code section 1170.95, subdivision (c) provides the court "shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." The statutory language, read in context, contemplates an initial eligibility determination by the court. Allegations stated in a resentencing petition may be erroneous. Where there is no reasonable factual dispute regarding eligibility for relief, it would be a waste of judicial resources to automatically require the appointment of counsel and briefing on a moot point. Several courts have interpreted the statutory language and have concluded that a defendant seeking resentencing is entitled to appointment of counsel only *after* demonstrating a prima facie case, and the Supreme Court is now considering the issue. (See, e.g., *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1139–1140, review granted Mar. 18, 2020, S260598 (*Lewis*); *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328–332, review granted Mar. 18, 2020, S260493 (*Verdugo*); *People v. Tarkington* (2020) 49 Cal.App.5th 892, 901–902, review granted Aug. 12, 2020, S263219 (*Tarkington*).)

Pending guidance from the Supreme Court, we adopt the persuasive analyses in these decisions. The statutory framework supports the trial court's authority to make an initial eligibility determination as a matter of law without appointing counsel.

Further, defendant has not persuaded us to depart from our decision in *People v. Falcone* (2020) 57 Cal.App.5th 272, review granted January 27, 2021, S266041. The denial of counsel did not infringe on defendant's constitutional rights. (*Id*. at p. 279 [Penal Code "section 1170.95 is an act of lenity. If the trial court acted erroneously in declining to appoint counsel, that error does not constitute a violation of appellant's constitutional rights"].)

The trial court also did not err in relying on our prior opinion in making its eligibility determination. Numerous courts have concluded the prior opinion from a defendant's direct appeal may be considered by the trial court as part of the record of conviction in ruling on a resentencing petition. (See e.g., *Lewis*, *supra*, 43 Cal.App.5th at pp. 1137–1138, review granted Mar. 18, 2020, S260598; *Verdugo*, *supra*, 44 Cal.App.5th at pp. 329–330, 333, review granted Mar. 18, 2020, S260493; *Tarkington*, *supra*, 49 Cal.App.5th at p. 899, fn. 5, review granted Aug. 12, 2020, S263219.) Pending the Supreme Court's resolution of this issue in *Lewis*, we adopt the analyses in these decisions.

Here, the record of conviction demonstrates the trial court did not err in concluding as a matter of law defendant could not establish eligibility for resentencing. Defendant was charged only with murder and attempted murder. As we explained in our prior opinion affirming defendant's conviction, "[t]he jury was not instructed on any target crimes other than murder and attempted murder." (*People v. Rodriguez, supra*, B265581.) Defendant was prosecuted as a direct aider and abettor, not on a theory of felony murder or under the natural and probable consequences doctrine. "[T]he prosecutor's theory of the case was that defendant aided and abetted a murderous attack, not that he intended some other crime." (*Ibid*.) Defendant could still be

4

convicted under the amended murder statutes.  He did not establish eligibility for resentencing.  (Pen. Code, § 1170.95, subd. (a) [only persons "convicted of felony murder or murder under a natural and probable consequences theory" may file a petition seeking resentencing].)

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


GRIMES, J.


WE CONCUR:


BIGELOW, P. J.


WILEY, J.